Charles A. WATKINS, d/b/a C. A. Watkins Company, Defendant, Appellant,

v.

UNITED STATES of America, Plaintiff, Appellee.

No. 5671.

United States Court of Appeals
First Circuit.

March 28, 1961.

Robert A. Raulerson, Manchester, N. H., with whom McLane, Carleton, Graf, Greene & Brown, Manchester, N. H., was on the brief, for appellant.

Alexander J. Kalinski, Asst. U. S. Atty., Manchester, N. H., with whom Maurice P. Bois, U. S. Atty., Manchester N. H., was on the brief, for appellee.

Before HARTIGAN and ALDRICH, Circuit Judges.

HARTIGAN, Circuit Judge.

Defendant-appellant, Charles A. Watkins, was found guilty on three counts of an indictment charging him with wilfully and knowingly attempting to evade and defeat a large part of the income tax due and owing by him and his wife to the United States of America by filing false and fraudulent joint returns.[1] The district court entered judgment on January 5, 1960 and imposed a fine of $7,000 on Count I, a fine of $6,000 plus costs on Count II and a term of imprisonment of three months on Count III.

Defendant is an independent distributor of industrial rubber goods. During part of the three year period he maintained an inventory of his own but by the end of 1954 he had completely disposed of it. In general, he would obtain an order for goods from a customer and, in turn, order them from his supplier to be shipped directly to defendant's customer. After receipt of an invoice from his supplier, defendant would bill his customer. The customer generally would deduct a cash discount, if applicable, and also freight, and remit the balance to the defendant. Defendant testified that he was not always able to pair off the receipts with the bills, since one receipt might cover a number of bills. He also testified that in keeping his records he would ordinarily record a receipt of payment from a customer in three places, if he followed his system, i. e., (1) in the ledger of the particular customer's account, (2) on his bank deposit slip and (3) in a memorandum list of sales receipts. The total receipts recorded on his income tax returns coincided approximately with the total of the checks in the memorandum list for each year, however, there were twenty alleged omissions from this memorandum list, which was used by defendant in making out the returns. These checks were all entered somewhere in his records, but did not appear in the memorandum list. Defendant conceded that eighteen of these items had been omitted from the returns but contended their omission was not wilful.

Defendant contends that the district court erred prejudicially, *inter alia*, (1) by restricting him in the scope of his presentation of evidence tending to show lack of willfulness, (2) by failing to strike certain schedules and summaries which were inaccurate, misleading and prejudicial, and (3) by restricting the defense in regard to evidence that a prepaid item was not taxable income and erroneously charging the jury in regard to this item.

After examining the record in regard to the first contention, i. e., that the defendant was prejudicially restricted in his presentation of evidence tending to show that the omission of the sales receipts from his income tax returns was not wilful, we believe that the district court was unduly restrictive. The trial judge allowed the government to put in evidence (1) of unreported receipts from prior years, (2) of double deductions, and overstated deductions taken by the defendant on his returns both for the years within the indictment and for prior years; (3) of computations which in a government expert's opinion must have been made by defendant to make the book entries he did in regard to certain unreported items; and (4) of stock purchases and other large expenditures made when defendant's income tax returns indicated limited amounts of net income

---

1. Counts I, II and III alleged wilful evasion of taxes owing for the calendar years 1953, 1954 and 1955 respectively. The statutes alleged to be violated were I.R.C.1939 § 145(b), 26 U.S.C. § 145(b) (1952) as to Count I, and I.R.C.1954 § 7201, 26 U.S.C. § 7201 (1958) as to Counts II and III.

and limited amounts of cash available for such expenditures. The district court ruled as immaterial defendant's evidence of (1) the extent of defendant's business with Harold Haines, from whom had come about six of the omitted sales receipts; (2) the testimony of George P. Fleming concerning defendant's manner, method and extent of business with Quaker Rubber Corp., defendant's principal supplier.

We believe that these offers of evidence were relevant to defendant's contentions that his omission of sales receipts was not wilful. See 1 Wigmore, §§ 34–36 (3d ed. 1940). Each of these offers tended to lessen the probability that defendant intentionally omitted these receipts from his income tax returns, or knowingly used an incomplete memorandum list in the preparation of his returns and also tended to strengthen the probability that defendant, allegedly an imprecise bookkeeper, had unintentionally omitted these sales receipts from his returns. Particularly in view of the wide scope given the government we believe that defendant was prejudiced in the exclusions of these items of evidence.

■ Defendant also contends that the district court erred by allowing the admission into evidence of a summary (Ex. 49) comparing the amounts listed by defendant in his tax returns as deductible travel expenses with the amounts recorded by defendant in a memorandum book. The testimony of defendant was that the memo book was a record of his cash payments in regard to travel expenses. He testified that there were also some checks which related to the amounts claimed in the returns and which were not included in the memorandum book. The special agent, a witness for the government, testified that he had not gone through the checks which might have been taken on the returns under traveling, etc. because the total amount of such checks was not sufficient. We believe that, in view of this testimony, the summary which listed the various expense items shown in the returns, totalled the figures in the notebook and labelled the difference "overstated" was a prejudicial exhibit and should have been stricken. There may have been a gap between the amount able to be substantiated by either memoranda of cash expenditures or checks but a summary exhibit which misleadingly magnifies that gap is certainly prejudicial.[2]

■ Defendant also claims error in the admission of (1) a summary of defendant's income data over a six year span as reflected by his income tax returns, and (2) a summary of "total cash available per returns" for the same six year period. The picture as portrayed by either of these summaries compared with the evidence of substantial expenditures during that same period is relevant as tending to show that the defendant was put on notice that there was a discrepancy, and that he should have made investigation of the figures used in making his returns. Of course, there might have been other explanations for not having noticed the discrepancy, e. g., that the various expenditures originated from funds already available to defendant. This does not, however, make the exhibits irrelevant. See Wigmore § 32 (3d ed. 1940).[3]

In regard to the third contention of defendant, the evidence and offer of proof indicate that Harold Haines, near the end of 1952, knew that he would require certain belting and potato cleaner strips

2. The district judge did not permit the defendant to introduce a schedule (Ex. S–4) summarizing the calculations made by an accountant testifying for defendant of expenses incurred in traveling during periods for which no data was kept, although the accountant's testimony was admitted. The exclusion of this schedule accentuates the prejudicial effect of admitting Exhibit 49, which emphasized the differences between the memo books and returns as "overstatements."

3. It might be better in the circumstances of such use of each summary to have a cautionary instruction on the proper limits of the summary's relevancy. But the record does not indicate that such a cautionary instruction was requested.

and in order to guarantee delivery at the existing price placed an order with defendant for certain goods and prepaid the sales price. Haines' check involved in defendant's last claim of error was received by defendant in early January 1953. Defendant contends that the exclusion of evidence that the prepaid transaction with Harold Haines had never been completed, and the court's charge that receipts of the money without restriction by defendant made the amount taxable income constituted prejudicial error. We shall examine first the law regarding prepayment for goods to be acquired and delivered in the future. Defendant has cited Veenstra & DeHaan Coal Co., 1948, 11 T.C. 964 and Woodlawn Park Cemetery Co., 1951, 16 T.C. 1067 to support his contention that gross receipts are not equivalent to gross income and that in the case of prepayments for goods to be obtained and delivered in the future there is no taxable income until there is a completed sale. These two cases involve accrual-method taxpayers. However, that distinction does not seem to us to be material. See 2 Mertens, Federal Income Taxation, § 12.125 (1955). As in the Veenstra and Woodlawn Park cases, defendant at the time of the receipt of Haines' prepayment did not know the cost of the goods which were to be delivered as part of the order. If there were never any goods delivered as part of the order, and consequently never any possibility of setting a cost of goods sold, there could be no gain constituting income subject to taxation. In addition, in the instant case there was evidence that Haines customarily cancelled orders when his unpredictable season ended. This is further evidence of the contingent nature of the transaction between defendant and Haines. The government has cited to us no cases which overcome the persuasive force of the Veenstra and Woodlawn Park cases. Consequently, we believe the district court misstated the law in regard to this transaction in its ruling and charge.

■ It should be noted, however, that the defendant in his request for instructions regarding the Haines transaction asked for too much. The record indicates that defendant's offer of proof was that at least part of the Haines order involving prepayment was filled by defendant. We think that the reasoning of the Veenstra and Woodlawn Park cases requires that the amount of gain in regard to the completed sale of that portion of the order be reported as income in the year that the sale of the items is completed. Therefore, the rejection of defendant's request for instructions on this matter was not prejudicial error.

■ The district court excluded testimony that the order was never completed. Since defendant testified that he did not learn about the asserted incompleteness until preparing for trial, his omission of this item from his return for 1953 could not be due to his belief that it was not yet income. Therefore, this theory of the transaction has no bearing on defendant's intent at the time of filing his return for 1953.

According to defendant's offer of proof only $2500 of the order was not filled. Proof that a certain part of the asserted deficiency was not due, contrary to defendant's impression, would not defeat the count for 1953 provided that there still was a substantial understatement of income in the return for that year and such understatement was made wilfully. According to defendant's offer of proof there was still a substantial amount of unreported income from the portion of the Haines order that was completed. Therefore, the offer of proof laid an insufficient foundation for the only other basis for the relevancy of any testimony in regard to the incompleteness of the prepaid order. Consequently the district court's exclusion of this testimony was not error. See Holt v. United States, 9 Cir., 1959, 272 F.2d 272.

■ Defendant also maintains that the district court made improper and prejudicial comments during the course of the trial. We have reviewed the record in this regard and believe that many of these instances stemmed from remarks

and actions of defendant's counsel. In several instances the court corrected its comments. We do not believe that the district court committed error by its remarks during the trial.[4] We find no merit in defendant's other arguments.

Judgment will be entered vacating the judgment of the district court and remanding the case for a new trial.

4. The defendant argues particularly that the district court erred by stating on several occasions that the only issue was whether defendant received money that he did not report. The court's charge to the jury correctly emphasized defendant's theory that although the checks were unreported, the omission was not wilful. The court's comments earlier in the trial were generally related to the Haines prepaid transaction, although they might conceivably have confused the issues in the jurors' minds. We have considered previously the court's statements of law in regard to this transaction. In any case, the matter is not likely to arise at a new trial.